1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
Adrian R. Bacon (SBN 280332)
abacon@toddflaw.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Tel: (323) 306-4234
Fax: (866) 633-0228

[*Additional Counsel On Signature Page*]

Attorneys for Plaintiff
JOHN SHANKULA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JOHN SHANKULA, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

TICKETSONSALE.COM, LLC, a
Delaware limited liability company;
TICKET FULFILLMENT SERVICES
LP, a Delaware limited partnership; and
DOES 1-10 inclusive,

Defendants.

Case No. **'21 CV 0515 AJB  AGS**

**CLASS ACTION COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF, DAMAGES, AND RESTITUTION FOR:**

1.  Violation of the California Consumer Legal Remedies Act ("CLRA") (Civ. Code § 1750, *et seq*.);
2.  Violation of the Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200, *et seq*.).
3.  Breach of Contract;
4.  Unjust Enrichment; and,
5.  Conversion.

**JURY TRIAL DEMANDED**

Plaintiff JOHN SHANKULA ("Plaintiff") brings this action for public injunctive relief to protect the consuming public in California from the deceptive and unfair business practices of Defendants, TICKETSONSALE.COM, LLC ("ToS") and TICKET FULFILLMENT SERVICES, LP ("TFS") (together "Defendants") resulting in violations of California consumer protection laws and for common law claims related to Defendants' deceptive, unfair, and unlawful acts and practices in failing to provide refunds for cancelled, indefinitely postponed, and/or rescheduled live events as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 28 U.S.C. §1332(d) ("CAFA"), because this is a proposed class action in which: (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a State different from Defendants; and (iii) upon information and belief, the number of Class Members is greater than 100.

2.      Defendants have sufficient minimum contacts with California and have otherwise intentionally availed themselves of the markets in California through the promotion, marketing, and sale of their products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3.      Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendants are subject to the Court's personal jurisdiction with respect to this action because Defendants conduct business in this judicial district; and (iii) Plaintiff resides within this judicial district.

4.      This Court has jurisdiction over Plaintiff and putative class members' claims for public injunctive relief, including restitution, which is the money and property of Plaintiff and class members, arising from Defendants' unlawful, unfair,

2

and/or fraudulent practices under Business & Professions Code §§ 17203 and 17204.

## THE PARTIES

5.     Plaintiff is, and at all relevant times was, a resident of San Diego County, California.

6.     On information and belief, ToS is a limited liability company formed under the laws of the State of Delaware that does business throughout this county, the State of California, and/or the various states of the United States of America. All references made to "ToS" include all subsidiaries and divisions.

7.     On information and belief, TFS is a limited partnership formed under the laws of the State of Delaware with a principal place of business in Chicago, IL.

8.     Both ToS and TFS do business throughout this county, the State of California, and/or the various states of the United States of America.

9.     Specifically, Defendants resell tickets to public events, such as concerts and sporting events. Defendants conduct extensive business through internet sales within the United States, including California. On information and belief, at all relevant times, Defendants, and each of them, ratified every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the violations herein alleged.

10.     Defendants are each a "ticket seller" as that term is defined by Business & Professions Code § 22503.

11.     Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

12.     On information and belief, Defendants are an online secondary ticket (resale) marketplace.

13.     Defendants' website provides a platform for the resale between private

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

parties of tickets to live events. Defendants charge a fee for use and provide certain protections for transactions.

14.     Thus, consumers pay a premium to utilize Defendants' website because Defendants advertise their platform as an online marketplace for resale tickets that is safer and more reliable than making such transactions directly.

15.     In fact, Defendants state expressly that the benefits of purchasing tickets through their website, rather than directly from the reseller, include  that "[Defendants] are here to ensure that all transactions between the parties are safe and secure, and that [customers] have no issues from start to finish."[1]

16.     Defendants also offer customers "support, security, or money back guarantees."[2]

17.     Defendants state expressly that "[a]ll orders are protected by our 100% Buyer Guarantee."[3]

18.     According to Defendants' website, "[t]he 100% Buyer Guarantee means that your transaction will be safe and secure . . . and the tickets shall be valid and authentic."[4]

19.     Defendants emphasize the "100% Buyer Guarantee" in large text on Defendants' website and on banners throughout.

20.     On information and belief, Defendants' "100% Buyer Guarantee" is a material term of contract intended as an inducement to use Defendants' ticket resale marketplace over competitor services.

21.     On or around March 3, 2020, prior to filing the instant complaint,

---

[1] TicketsOnSale, "FAQ," *available at* https://support.ticketsonsale.com/support/solutions/articles/69000058586-how-do-ticket-resale-sites-like-this-operate-how-is-this-different-from-scalping-tickets- (last visited Mar. 16, 2021).
[2] *Id.*
[3] TicketsOnSale landing page, *available at* https://www.ticketsonsale.com/ (last visited Mar. 16, 2021).
[4] TicketsOnSale, *Policies and Terms of Use*, https://www.ticketsonsale.com/policies (last visited March 14, 2021).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff used Defendants' website to purchase two (2) tickets to a live performance by Hillsong Worship at the Cal Coast Credit Union Open Air Theatre at San Diego State University for June 23, 2020.

22.   Plaintiff paid for the tickets using an American Express credit card and was charged $368.03, payable to TFS.

23.   The order confirmation Plaintiff received by email from ToS stated expressly that "[a]fter you place your order and your order is confirmed, we guarantee that your tickets will be within the zone or section listed or one comparable and that you will receive these tickets in time for the event or your money back."

24.   In March 2020, in response to the COVID-19 pandemic, a state of emergency was declared in California. Many public events were canceled, often without rescheduling.

25.   On or around April 6, 2020, ToS sent Plaintiff an email informing him that the tickets he purchased were still valid and that the concert had been rescheduled to August 15, 2020. Plaintiff was assured that the tickets would be honored.

26.   On or around June 22, 2020, ToS sent Plaintiff another email informing him that the concert had been <u>postponed indefinitely</u>. Plaintiff was again assured that the tickets remained valid and would be honored. ToS advised that it would notify Plaintiff of the new concert date via email.

27.   Subsequently, with no indication that the concert would be rescheduled, Plaintiff disputed the charges to his American Express credit card for the ticket sales and was issued a credit for the full the amount of $368.03.

28.   On or around October 16, 2020, American Express verified the transaction and rebilled Plaintiff's account for the entire amount.

29.   On or around February 2, 2021, Plaintiff contacted ToS directly to request a refund because the event has not been rescheduled.  ToS denied the request on that grounds that Defendants' policy is to issue refunds only for officially cancelled events.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

30.     However, the indefinite postponement of the event for which Plaintiff purchased tickets is the equivalent of cancellation. Defendants have retained Plaintiff's money, yet Plaintiff's tickets are unusable. Defendants' characterization of the concert as "postponed," rather than cancelled, is thus not sufficient to justify denying the request for a refund pursuant to Defendants' "100% Buyer Guarantee."

31.     To date, the concert has not been re-scheduled.

32.     Defendants' failure to honor its contractual obligation and refund the purchase price of tickets for effectively cancelled events has deprived Plaintiff and similarly situated customers of the benefit of their bargains.

33.     Defendants' withholding of monies that is the property of Plaintiff and the putative Class is unlawful.

34.     This action seeks, among other things, public injunctive and declaratory relief, restitution of all amounts illegally obtained, and disgorgement of ill-gotten gains resulting from the misconduct alleged herein.

## CLASS ALLEGATIONS

35.     Plaintiff incorporates by reference all preceding paragraphs as though set forth fully herein.

36.     Plaintiff brings this action on behalf of himself and all other similarly situated consumers in California. All allegations herein are based on information and belief, except for those allegations that pertain to Plaintiff. Plaintiff's information and beliefs are based on, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this consumer Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

37.     Plaintiff brings this action individually and on behalf of all others similarly situated against Defendants, pursuant to Fed. R. Civ. P. 23.

38.     The claims alleged herein are brought by Plaintiff on his own behalf and on behalf of a putative class that consists of and is defined as follows:

All persons residing in California who used Defendants' ticket re-sale platform to purchase one or more tickets to any event that was subsequently cancelled, postponed indefinitely, or rescheduled at any point within four (4) years prior to the filing of this action and continuing until judgment is entered, and to whom Defendant has not provided a full refund, including fees.

39.    Members of the proposed Class will hereafter be referred to as Class Members.

40.    The "Class Period" means four years prior to the filing of the Complaint in this action.

41.    Excluded from the Class are Defendants and any of their officers, directors, and employees, or anyone who purchased Defendants' products for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

42.    Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

43.    There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including:

a. Whether Defendants' failure to issue refunds constitutes unjust enrichment, a breach of contract, and/or conversion;

b. Whether Defendants' conduct violates California Civil Code § 1750, *et seq.*;

c. Whether Defendants' conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §17200, *et seq.*;

d. Whether Defendants' advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code § 17200, *et seq.;*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

e. Whether Defendants were excused from having to provide a refund to Plaintiff and the putative class for events that were cancelled, postponed indefinitely, or rescheduled;

f. Whether Defendants' refund policy is unconscionable; and

g. Whether Defendants' refund policy is invalid as a matter of law under Bus. & Prof. Code § 22507.

44. Plaintiff is informed and believes and thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors regarding the requirements of California's Consumer Legal Remedies Act ("CLRA"), Civ. Code, § 1791, *et seq*., and Unfair Competition Law ("UCL), Bus. & Prof. Code § 17200, *et seq*.

45. This action seeks relief for these un-remedied violations of California law, including:

a. Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for monies obtained unlawfully;

b. Damages and/or penalties for Plaintiff and Class Members pursuant to Civil Code § 3300;

c. Implementation of other equitable relief, including, *inter alia*, a public injunction prohibiting Defendants, and each of them, from continuing to violate Business & Professions Code §§ 22506, 22507; and

d. Attorneys' fees and costs as provided by statute and/or applicable case law, including Code of Civil Procedure § 1021.5, and such other relief as the Court deems just and proper.

46. Defendants' acts and conduct as alleged herein violate the CLRA and Business & Professions Code § 22500, *et seq*. As a result, Defendants' acts and conduct constitute a violation of the UCL, as set forth below.

47. The policies, practices, and customs described above and herein have resulted in Defendants' unjust enrichment and an unfair business advantage over

8

businesses that adhere to the strictures and requirements of the Business & Professions Code, including the UCL.

48.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

a.  Numerosity: Plaintiff is informed and believes and thereon alleges that during the Class Period, there have been well over one hundred Class Members.  As a result, the Class is so numerous that joinder of all members is impossible and/or impracticable.

b.  Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members as demonstrated herein.

c.  Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d.  Superiority: The nature of this action makes the use of class adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with individual lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire Class. Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1               knows of no difficulty that will be encountered in the management of

2               this litigation or that would preclude its maintenance as a class action.

3         e. <u>Public Policy Considerations</u>: Consumers are often reluctant to assert

4               their rights out of fear of direct or indirect retaliation and/or prohibitive

5               costs. Class actions provide the members who are not named in the

6               complaint with sufficient anonymity to allow them to vindicate of their

7               rights while simultaneously protecting their privacy and without having

8               to incur unnecessary costs.

9     49.     Defendants' unscrupulous business practice has been systemic and

10 willful, and Defendants knew or should have known that their policies, practices, and

11 procedures are and have been unlawful, unfair, and/or fraudulent.

12     50.     Unless the Class is certified, Defendants will retain monies received as

13 a result of Defendants' unlawful and deceptive conduct alleged herein. Unless a class-

14 wide public injunction is issued, Defendants will also likely continue to advertise,

15 market, and promote its product and services in an unlawful and misleading manner,

16 and members of the Class will continue to be misled, harmed, and denied their rights

17 under California law.

18     51.     Further, Defendants have acted or refused to act on grounds that are

19 generally applicable to the class so that declaratory and injunctive relief is appropriate

20 to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ.

21 P. 23.

22                             **<u>FIRST CAUSE OF ACTION</u>**

23      VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT

24                    (Cal. Civ. Code § 1750, *et seq*.)

25     52.     Plaintiff incorporates by reference all preceding paragraphs as though set

26 forth fully herein.

27     53.     California Civil Code Section 1750, *et seq.,* entitled the Consumers

28 Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive"

practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."

54.     The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be "[c]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

55.     Defendants' actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or which have resulted, in the sale of services and/or goods to consumers.

56.     Plaintiffs and other class members are "consumers" as that term is defined by the CLRA. Civ. Code § 1761(d).

57.     The tickets that Plaintiff and Class Members purchased from Defendants are a "good" and/or "service" within the meaning of the CLRA. Cal. Civ. Code § 1761(a), (b)

58.     The acts and practices described herein were intended to result in the resale of tickets to consumers. Such acts and practices violated, and continue to violate, the CLRA, Violation, as follows:

      a.  Misrepresenting the source, sponsorship, approval, or certification of goods or services; Civ. Code § 1770(a)(2);

      b.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have, Civ. Code § 1770(a)(5);

      c.  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; Civ. Code § 1770(a)(7);

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

d.  Advertising goods or services with intent not to sell them as advertised; Civ. Code § 1770(a)(9);

e.  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Civ. Code § 1770(a)(14);

f.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Civ. Code § 1770(a)(16); and

g.  Inserting an unconscionable provision in the contract, Civ. Code § 1770(a)(19).

59.  Defendants acted knowingly and willfully.

60.  Defendants violated Civil Code Section 1770(a)(2), (5), (7), (9), (14) & (16) by marketing and representing a "100% Buyer Guarantee" for its products and services that would protect customers' transactions, including by providing a full refund for cancellation. Despite such assurances, on information and belief, Defendants deny refunds to customers, including Plaintiff, for indefinitely postponed events that are effectively cancelled.

61.  Defendants also violated Civil Code Section 1770(a)(19) by including a provision in their Terms & Conditions that prevents customers from obtaining a refund for postponed or rescheduled events in violation of, *inter alia*, Business & Professions Code §§ 22506 & 22507.

62.  On information and belief, Defendants' violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and motivated solely by Defendants' self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendants engaged in such unfair and deceptive conduct despite knowing the harm that would result to Plaintiff and Class Members.

63.  Plaintiff suffered an "injury in fact" when Defendants retained Plaintiff's

12

money, despite the effective cancellation of the event for which it was paid and as a result of Defendants' false and misleading representations, as set forth on Defendants' website and other advertising media, in violation of California law as explained above.

64. As a direct and proximate result of Defendants' conduct, Plaintiff and members of the putative Class are entitled to a declaration that Defendants violated the CLRA.

65. On or about March 22, 2021, by and through Plaintiff's counsel of record, Defendants were served with notice of the alleged CLRA violations via certified mail, which asked Defendants to correct, repair, replace, or otherwise rectify the goods and services alleged to be in violation. This correspondence advised Defendants that such action must be taken within thirty (30) calendar days.

66. Plaintiff and the putative Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

67. This cause of action is for injunctive relief only at this time, and Plaintiff reserves the right to amend the Complaint to assert actual, punitive, and statutory damages against Defendants pursuant to Cal. Civ. Code § 1782.

68. Plaintiff purchased his tickets online from his home in San Diego County, California. A true and correct copy of Plaintiff's Declaration of Venue, pursuant to Civ. Code § 1780(d) and Code Civ. Proc. § 2015.5, is attached as **Exhibit A**.

69. Pursuant to California Civil Code § 1780(a)(2), Plaintiff seeks a public injunction to enjoin Defendants' unlawful methods, acts, and practices alleged herein. If the injunctive relief is not granted, and Defendants are permitted to continue to engage in these practices, California's consumers will continue to suffer harm.

70. Plaintiff also requests an award of reasonable attorneys' fees and costs pursuant to Civ. Code § 1780(d).

///

13

## **SECOND CAUSE OF ACTION**

UNFAIR COMPETITION LAW

(Cal. Bus. & Prof. Code § 17200, *et seq.*)

71.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

72.    The UCL prohibits any unfair, fraudulent, or unlawful business act or practice. Bus. & Prof. Code § 17200.

73.    Plaintiff and Defendants are each a "person" as defined by California Business & Professions Code § 17201.

74.    Plaintiff is also "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" authorized to seek relief for violations of the UCL. Bus. & Prof. Code § 17204.

75.    Actions for relief under the UCL may be based on any business act or practice that is unlawful, unfair, or fraudulent. Bus. & Prof. Code § 17200, *et seq.* Such claims must allege that the Defendants' conduct caused or was likely to cause substantial injury.

76.    Defendants' policies, practices, and procedures alleged herein amount to conduct that is prohibited under the UCL.

77.    Furthermore, Plaintiff and Class Members have suffered injury in fact and been deprived of monies as a result of Defendants' unlawful refund policy. Defendants' conduct is thus substantially injurious to Plaintiff and Class Members, and Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

78.    The amounts due to Plaintiff and Class Members can be readily determined from Defendants' records. Plaintiff and the putative Class are entitled to injunctive relief, including in the form of an order from this Court directing Defendants to cease and desist from the unfair, fraudulent, and/or unlawful conduct, and restitution of monies due and unfairly obtained by Defendants.

79.    "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."  The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

80.    By and through Defendants' conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

81.    Thus, Defendants' conduct in violation of California law constitute independent, separate, and distinct violations of the UCL.

## UNLAWFUL

82.    The violation of any state, federal, or local law is sufficient to satisfy the UCL's "unlawful" prong. Plaintiff contends, *inter alia*, that Defendants' failure to comply with the CLRA and California Business & Professions Code sections 22506 and 22507 is an unlawful practice under the UCL.

83.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of unlawful business practices, within the meaning of Bus. & Prof. Code § 17200, *et seq.,* by marketing, manufacturing, and/or distributing Defendants' product and/or services in violation of the CLRA, as alleged herein.

84.    Defendants violated the above-referenced statute by misleadingly representing that tickets resold on Defendants' online platform come with a "100% Buyer Guarantee," as described above, when in reality Defendants deny refunds to those who paid for valid tickets to events that were subsequently postponed indefinitely and thereby effectively cancelled.

85.   California's Business & Professions Code provides that "[a]ny partial or full deposit received by a ticket seller on a future event for which tickets are not available shall be refundable except for a service charge of not more than 10 percent until tickets for the event are actually available." Bus. & Prof. Code § 22506.

86.   The Business & Professions Code provides further that "[t]he ticket price of any event which is canceled, postponed, or rescheduled shall be fully refunded to the purchaser by the ticket seller upon request." Bus. & Prof. Code § 22507.

87.   Plaintiff is informed and believes, and thereon alleges, that Defendants' uniform policy provides in pertinent part that purchases are only refundable if the event is officially cancelled, in violation of California law.

88.   Moreover, the harm to Plaintiff and Class Members of being wrongfully denied the refund of monies paid outweighs the utility, if any, of Defendants' policies and practices.

89.   Defendants' conduct described herein threatens an incipient violation of California's consumer protection laws, violates the policy or spirit of such laws, and/or otherwise significantly threatens or harms competition by avoiding procedures intended by the Legislature to protect California's consumers.

90.   Defendants have been unjustly enriched as a direct result of their unlawful business practices as alleged herein and will continue to benefit, including by gaining an unfair competitive advantage, if allowed to retain the monies paid.

91.   Plaintiff seeks equitable relief, including an order enjoining Defendants' unlawful business practices that threaten future injury to the general public.

**UNFAIR**

92.   Defendants' policies, practices, and procedures as alleged herein constitute unfair business practices under the UCL. Bus & Prof. Code § 17200.

93.   In order to satisfy the "unfair" prong of the UCL, a plaintiff may show that the business practice(s) at issue is contrary to a predicate public policy and "tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San*

1  *Fernando Valley Bar Assn.*, 182 Cal. App. 4th 247, 257 (2010).

2  94.   California provides protections for the states' consumers as a matter of
3  public policy. *See, e.g., Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 15
4  (2001), *as modified* (July 10, 2001) ("The CLRA was enacted in an attempt to
5  alleviate social and economic problems stemming from deceptive business
6  practices.").

7  95.   Defendants' acts and practices willfully and knowingly deprive
8  consumers, including Plaintiff and Class Members, of monies to which Defendants
9  are not entitled and are contrary to an important public policy.

10  96.   Plaintiff is informed and believed, and based thereon alleges, that, at all
11  relevant times, Defendants are and were advised by skilled lawyers and other
12  professionals, employees, and advisors regarding the requirements of California's
13  consumer protection laws and the UCL.

14  97.   Defendants' policies, practices, and procedures were thus willful and
15  intentional and, as discussed above, resulted in substantial injury to Plaintiff and Class
16  Members.

17  98.   Defendants' unfair business practices have a tendency to harm the
18  general public and will continue unless enjoined, in that, on information and belief,
19  Defendants refuse to refund money to consumers who purchased tickets for live
20  events that have been effectively cancelled in violation of California law. Bus & Prof.
21  Code §§ 22506, 22507, *supra*.

22                                    **FRAUDULENT**

23  99.   Defendants' policies, practices, and procedures as alleged herein
24  constitute fraudulent business practices under the UCL. Bus & Prof. Code § 17200.

25  100.   In order to satisfy the "fraudulent" prong of the UCL, a plaintiff must
26  show actual reliance on allegedly deceptive or misleading statements. Bus. & Prof.
27  Code § 17200. For purposes of the UCL, a plaintiff must show that "the
28  misrepresentation was an immediate cause of the injury-producing conduct."

*Swafford v. Int'l Bus. Machines Corp.*, 383 F. Supp. 3d 916, 936 (N.D. Cal. 2019) (quotations and citation omitted).

101.  Defendants' refund policy is misleading in that it misrepresents consumers' rights under California law. Bus. & Prof. Code §§ 22506, 22507. The acts and practices described herein are thus fraudulent under the UCL.

102.  Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### THIRD CAUSE OF ACTION

BREACH OF CONTRACT

103.  Plaintiff incorporates by reference all preceding paragraphs as though set forth fully herein.

104.  A contract was formed between Plaintiff and Class Members and Defendants with respect to online ticket resale.

105.  The contract that governs the transactions at issue in this case includes Defendants' refund policy in effect as of the date of Plaintiff's purchase.

106.  Plaintiff and the Class performed their obligations under the contract by providing valuable consideration for valid tickets.

107.  Defendants breached the contract by their persistent refusal to provide refunds to canceled, indefinitely postponed, and/or rescheduled events as required by California state law, including *inter alia*, Business & Professions Code §§ 22506 and 22507.

108.  Defendants' breaches were willful and not the result of mistake or inadvertence.

109.  As a result of Defendants' breaches of the contract, Plaintiff and other Class Members have been damaged in an amount to be determined at trial.

110.  Plaintiff, on behalf of himself and other Class Members, seeks to rescind the agreements relative to the subject tickets sales, including pursuant to Civil Code

18

§ 1689(b).

## FOURTH CAUSE OF ACTION

UNJUST ENRICHMENT

111.   Plaintiff incorporates by reference all preceding paragraphs as though set forth fully herein.

112.   "Under California law, the elements of unjust enrichment are: (a) receipt of a benefit; and (b) unjust retention of the benefit at the expense of another." *Valencia v. Volkswagen Grp. Of Am. Inc.,* No. 15-CV-00887-HSG, 2015 WL 4747533 at *8 (N.D. Cal. Aug. 11, 2015).

113.   Plaintiff and Class Members conferred substantial monetary benefits on Defendants by paying monies for event tickets.

114.   Defendants have accepted and intentionally retained those benefits at the expense of Plaintiff and other Class Members, despite knowing that the tickets were not usable as purchased.

115.   Defendants induced Plaintiff and Class Members to use Defendants' services and purchase products through false and misleading advertising. As a result, Defendants have been unjustly enriched by retaining the monies paid by Plaintiff and other Class Members for events that were cancelled, postponed, and/or rescheduled. Equity requires Defendants to provide refunds to Plaintiff and Class Members.

## FIFTH CAUSE OF ACTION

CONVERSION

116.   Plaintiff incorporates by reference all preceding paragraphs as though set forth fully herein.

117.   At the time of cancellation, postponement, and/or rescheduling of the events for which they purchased tickets, Plaintiff and the Class owned and had a right to possess funds in the amounts paid.

118.   Defendants intentionally and substantially interfered with property belonging to Plaintiff and other Class Members by taking possession of, refusing to

19

refund, denying access to, and/or refusing to return monies paid after a demand was made for its return.

119.  Plaintiff and other Class Members did not consent to Defendants' withholding their property.

120.  As a result of Defendants' actions, Plaintiff and Class Members were harmed, and Defendants' refusal to refund monies rightfully owned by Plaintiff and Class Members was a substantial factor in causing their harm.

121.  As a result of Defendants' conduct, Plaintiff and other Class Members have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief against Defendants, and each of them:

a.  That this action be certified as a Class Action;

b.  Appointing Plaintiff as the representative of the Class;

c.  Appointing the law firms representing Plaintiff as Class Counsel;

d.  That the Court find and declare that Defendants have violated the CLRA and UCL and committed unfair, unlawful, and/or fraudulent business practices;

e.  An order requiring imposition of a constructive trust and and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and Class Members and to restore to Plaintiff and Class Members all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice and/or constituting unfair competition;

f.  A temporary, preliminary and/or permanent order for public injunctive relief requiring Defendants to cease the conduct alleged herein, including making false and/or misleading statement/s concerning the ticket refunds that are in violation of California law;

20

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

g.  Distribution of any monies recovered on behalf of the Class via fluid recovery or *cy pres* recovery, where necessary and as applicable, to prevent Defendants from retaining the benefits of their wrongful conduct;

h.  Entry of an order enjoining Defendants from continuing the unlawful, fraudulent, and unfair business practices alleged in this Complaint and directing Defendants to inform consumers of their rights under Bus. & Prof. Code § 22507;

i.  A temporary, preliminary and/or permanent order requiring Defendant to cease withholding monies paid by Plaintiff and Class Members for live events that were cancelled, postponed indefinitely, or rescheduled;

j.  Statutory, compensatory, and/or punitive damages in an amount to be determined at trial;

k.  Restitution, or any other equitable relief the Court may deem just and proper;

l.  Actual compensatory damages in an amount to be proven at trial;

m. Pre- and post-judgment interest;

n.  Reasonable attorneys' fees and costs of the suit, including expert witness fees; and,

o.  Such further relief as the Court may deem just and proper.

///
///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## **TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a jury trial on all issues so triable.

Date: March 23, 2021                         Respectfully Submitted,
                                             LAW OFFICES OF TODD M. FRIEDMAN, P.C.


                                     By: _/s/ Todd M. Friedman_____
                                             Todd M. Friedman
                                             Attorneys for Plaintiff
                                             JOHN SHANKULA


[*Additional Counsel for Plaintiff*]
**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN:328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAWGROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL